IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

 vs.                                                      CIVIL NO. 98-417 LH/LFG
                                                                 CRIM. NO. 96-695 LH

RAMONA RUIZ,

    Defendant-Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION [1]

### Proposed Findings

This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed September 18, 1998.

1. Movant Ramona Ruiz ("Ruiz"), currently confined at the Federal Correctional Center, located in Phoenix, Arizona, attacks the conviction imposed by the United States District Court for the District of New Mexico in *United States v. Ruiz*, Crim. No. 98-695 LH.

2. A jury found Ruiz guilty of drug offenses. 21 U.S.C. § 846, conspiracy; 21 U.S.C. §§ 952(a) and 960(a)(1) and (b)(1), importation of marijuana; 21 U.S.C. § 841(a)(1) and (b)(1)(h), possession with intent to distribute more than 100 kilograms of marijuana; and 18 U.S.C. § 2, aiding

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

and abetting. She was sentenced to a 63-month term of incarceration and forty-eight months of supervised release.

3. Ruiz raises a claim of ineffective assistance of counsel.[2] She claims that trial counsel, Ralph Binford, told her on more than one occasion that he would appeal her conviction. Ruiz states that she was in contact with trial counsel's office approximately one week following her sentencing and she was told that a notice of appeal had been filed. Ruiz further avers that, one month later, she was told that her appeal was going fine, and that, two weeks later, she learned that no appeal had been filed.

4. Ruiz moves the Court for partial summary judgment on her claim. She argues that as a result of attorney Binford's actions, she was denied her constitutional right to a direct appeal and to effective assistance of counsel to perfect and prosecute her direct appeal.

5. The United States does not oppose her request.

6. Accordingly, the Court finds that Ruiz's Motion for Partial Summary Judgment should be granted. Tenth Circuit case law is clear that failure to perfect an appeal itself constitutes ineffective assistance of counsel. *See Abels v. Kaiser*, 913 F.2d 821, 823 (10th Cir. 1990). The Court recommends that she be allowed to file a notice of appeal and pursue a direct appeal of her conviction and sentence before the Tenth Circuit.

**Recommended Disposition**

That Movant's Motion for Partial Summary Judgment be granted and that Ruiz be allowed to perfect her appeal.

---

[2]Ruiz dismissed claim two. See: Order Dismissing Claim II of 28 U.S.C. 2255 filed

*signature*
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR MOVANT:
Todd Hotchkiss, Esq.

ATTORNEY FOR RESPONDENT:
Dean S. Tuckman, Esq.